**No. 21-16281**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Cara Jones, *et al.*,

*Plaintiffs-Appellants,*

v.

Google LLC, *et. al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 5:19-cv-07016
Hon. Beth Labson Freeman

_____

**APPELLANTS' BRIEF IN OPPOSITION TO PETITION FOR
PANEL REHEARING OR REHEARING EN BANC**

_____

Jonathan K. Levine (No. 220289)
Elizabeth C. Pritzker (No. 146267)
Caroline C. Corbitt (No. 305492)
PRITZKER LEVINE LLP
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub
Steven L. Bloch
Ian W. Sloss
SILVER GOLUB & TEITELL LLP
Four Landmark Square, 3d Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

*Attorneys for Appellants*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................... 1

BACKGROUND ........................................................................ 5

ARGUMENT ............................................................................. 8

A.   THE PANEL FAITHFULLY APPLIED NINTH CIRCUIT AND
     SUPREME COURT PREEMPTION PRECEDENT ............................. 9

B.   THERE IS NO CIRCUIT SPLIT .......................................... 17

C.   DEFENDANTS' INTERPRETATION OF SECTION 6502(D) IS
     CONTRARY TO PUBLIC POLICY, AND THEIR PROFESSED NEED
     TO PREVENT INTERNET CHAOS IS UNFOUNDED ...................... 18

CONCLUSION ....................................................................... 20

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bates v. Dow Agrosciences, LLC*, 544 U.S. 431 (2005) ...... 4, 5, 11, 12, 13, 20

*Beffa v. Bank of the West*, 152 F.3d 1174 (9th Cir. 1998) ........................ 3, 10

*Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995 (9th Cir. 2013) ... 4, 5, 12, 13

*In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016)..9, 17, 18

*Ishikawa v. Delta Airlines, Inc.*, 343 F.3d 1129 (9th Cir. 2003) ......... *Passim*

*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) ..................... 4, 5, 10, 12, 13, 18

*Metrophones Telecomm. Inc. v. Global Crossing Telecomm., Inc.*, 423 F.3d 1056 (9th Cir. 2005) .......................................... 3, 9, 10, 14

*U.S. v. Neal*, 776 F.3d 645 (9th Cir. 2015) ................................................. 15

**Statutes**

15 U.S.C. § 6501 ...................................................................................... 1

15 U.S.C. § 6502(a) ................................................................................. 7

15 U.S.C § 6502(d) ................................................... 2, 3, 8, 9, 10, 14, 15, 17, 18

## INTRODUCTION

In a decision carefully following decades of Supreme Court and Ninth Circuit precedent, the plain language of the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, *et seq*., and the Federal Trade Commission's ("FTC") stated position on COPPA's limited preemptive effect, the Panel unanimously held that Plaintiffs' state law claims are not expressly or impliedly preempted by Section 6502(d) of COPPA because that section only preempts "*inconsistent* state laws," and Plaintiffs' state law claims "are parallel to, or proscribe the same conduct forbidden by, COPPA" and "are *consistent* with COPPA's substantive requirements." Panel Op. (Dkt. 59-1) at 6, 13 (emphasis in original).

Defendants and the U.S. Chamber of Commerce ("Chamber") now petition for a panel rehearing or rehearing *en banc*, breathlessly claiming that the Panel's well-supported opinion "implicates the stability of the Internet economy," may affect "businesses in this country and, ultimately, around the world," (Chamber Br. (Dkt. 65) at 1, 2), will "have profound consequences for creators and businesses nationwide," and deviates from "well-established U.S. Supreme Court and Ninth Circuit preemption principles, creating a split of authority." Def. Pet. (Dkt. 63) at 1.

None of this is true, and stripped of their hyperbolic rhetoric, Defendants' Petition and the Chamber's brief provide no basis for rehearing. As Plaintiffs show below, it is Defendants and the Chamber who deviate from Supreme Court and Ninth Circuit precedent, not the Panel. And it is Defendants and the Chamber, not the Panel, who ignore the plain language of Section 6502(d).

Notably absent from Defendants' Petition and the Chamber's brief is any discussion of what would happen if their interpretation of Section 6502(d) were accepted. This is intentional, because even though Section 6502(d) is undeniably limited to "inconsistent" state laws, what Defendants (and the Chamber) urge this Court to adopt is nothing short of complete field preemption—a wholesale evisceration of *every* state law in the United States that serves to protect the online privacy of children, whether inconsistent with COPPA or not.

Under Defendants' interpretation of Section 6502(d), all state law remedies are preempted by Congress's determination to vest enforcement authority for COPPA in the FTC (and state attorneys general). According to Defendants, since all state law causes of action necessarily contain "remedies" (whether damages or equitable in nature), every state law cause of action is preempted, even those brought by state attorneys general to

enforce longstanding state laws. Defendants' proposed interpretation of Section 6502(d) improperly reads the word "inconsistent" out of COPPA and transforms COPPA into an absolute field preemption statute.

While Defendants ignore this inconvenient fact in their Petition, they could not do so at the August 31, 2022 oral argument before the Panel. There, all three judges questioned Google's counsel about what the real-world impact would be if the Panel agreed that all state law remedies are preempted by Section 6502(d). Under repeated questioning, Google's counsel conceded that if the Panel agreed with Defendants' position, all state laws protecting minors' online privacy rights would be preempted, even those sought to be enforced by state attorneys general. When pressed to identify any state law cause of action that would not be "inconsistent" under Defendants' theory, Google's counsel could not do so. *See* pp. 15-16, *infra*.

Multiple decisions of this Court make clear that preemption provisions barring "inconsistent" state laws must be construed narrowly and read only to bar state law claims that "conflict" with, or "stand as an obstacle" to achieving, the objectives of the relevant federal law. *Metrophones Telecomm. Inc. v. Global Crossing Telecomm., Inc.*, 423 F.3d 1056, 1072-73 (9th Cir. 2005); *Beffa v. Bank of the West*, 152 F.3d 1174, 1177 (9th Cir. 1998) (scope of provision preempting "inconsistent" state laws is "quite narrow" and does

not reach "state causes of action that supplement rather than contradict" federal law); *Ishikawa v. Delta Airlines, Inc.*, 343 F.3d 1129, 1132, as amended in denial of reh'g, 350 F.3d 915 (9th Cir. 2003) (same).

Supreme Court precedent interpreting analogous federal preemption provisions expressly holds that such provisions do not deny states the right to provide "traditional damages remedy for violations of common law duties when those duties parallel federal requirements," *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 495 (1996), nor bar a state law action that "seeks to enforce a federal requirement." *Bates v. Dow Agrosciences, LLC*, 544 U.S. 431, 447-48 (2005). The Panel cited—and Defendants ignore—all of this established case law.

Moreover, Defendants' argument that by vesting authority to enforce COPPA in the FTC, Congress intended to preempt all existing state law privacy remedies (and, thus, all state laws) is also directly contrary to established Supreme Court and Ninth Circuit precedent. *See, e.g., Lohr*, 518 U.S. at 476-78 (no preemption under Medical Devices Amendments ["MDA"] despite FDA's rigorous "premarket approval process"); *Bates*, 544 U.S. at 437-38 (no preemption under FIFRA despite EPA's "comprehensive regulatory statute"); *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 999-1001 (9th Cir. 2013) (no preemption under Federal Aviation Act despite

4

FAA's complex regulation of air carriers). This is true even when the federal law contains no private cause of action. *E.g., Lohr*, 518 U.S. at 487; *Bates*, 544 U.S. at 448; *Gilstrap*, 709 F.3d at 1008; *Ishikawa*, 343 F.3d at 1131-32.

Finally, Defendants' arguments have been rejected by the FTC itself in an amicus brief submitted to this Court in 2014:

> COPPA was enacted in the shadow of state privacy laws—including state protections that are particular to minors—that had existed for nearly a century. Having thus decided to '[legislate] in a field which the States have traditionally occupied' Congress can hardly have intended to displace this vast body of state statutory and common law beyond the limited scope of the preemption set forth expressly in section 6502(d). State law protections of teenagers' online privacy complement—rather than obstruct—Congress' 'full purposes and objectives' in enacting the statute.

2-ER-106-07 (cleaned up).

Defendants' Petition for Panel Rehearing or Rehearing *En Banc* should be denied.

## BACKGROUND

Plaintiffs—young children appearing through their guardians *ad litem*—allege that Defendants invaded the rights to privacy and reasonable expectations of privacy of themselves and other children who watched content targeted to children on YouTube from 2013 through 2020. Plaintiffs allege that Google, YouTube, and 11 of their business partners (collectively "Defendants") surreptitiously obtained unlawful access to children's

personal online identifying information and used it to track and profile their activities on the internet and develop and profit from the sale of highly lucrative advertising targeted to each child. Plaintiffs assert state law claims for invasion of privacy, unjust enrichment, consumer protection violations, and unfair business practices on behalf of themselves and other children in six states.

Google and YouTube (the "Google Defendants") maintain the video platform service YouTube, which permits young children to directly access YouTube's video channels without log-in, parental consent, or involvement. 2-ER-160. The Google Defendants, in concert with multiple creators of child-directed video channels on YouTube—Defendants Cartoon Network, Inc.; Cartoon Network Studios, Inc.; DreamWorks Animation LLC; DreamWorks Animation Television, LLC; Hasbro, Inc.; Hasbro Studios LLC; Mattel, Inc.; Pocketwatch, Inc.; Remka, Inc.; RTR Production, LLC; and RFR Entertainment, Inc. (collectively, the "Channel Defendants")—collect IP addresses, device identifiers, and other personal identifying information of the minor children watching these channels and use this information to track each child's internet activities, develop profiles that detail each child's individual preferences, and then sell and inundate each child with targeted "behavioral advertising." 2-ER-161, 2-ER-170-175. The Google and Channel

Defendants share the enormous profits resulting from these targeted ad sales. 2-ER-175.

After Plaintiffs filed suit, Defendants moved to dismiss, arguing that Plaintiffs' state law claims are preempted by COPPA—an argument that was accepted by the district court in two separate opinions. 1-ER-12-13, 1-ER-25. Congress enacted COPPA in response to concerns that children's online activities were being tracked by operators of websites and online services. 2-ER-177-179. COPPA provides the FTC and state attorneys general with authority to regulate the online collection of personal identifying information about children under the age of 13. *Id.* Section 6502(a) of COPPA expressly prohibits "an operator of a website or online service directed to children, or any operator that has actual knowledge that it is collecting personal information from a child, [from] collect[ing] personal information from a child in a manner that violates the regulations prescribed by the [FTC pursuant to the Act]." 2-ER-177. Since 2013, COPPA's regulations have, absent parental consent (which Defendants never sought or obtained), expressly prohibited the collection of "persistent identifiers," such as the IP addresses and other identifying information of children under the age of thirteen at issue in this action. *See* 2-ER-178-179.

COPPA also contains a carefully limited preemption provision, which only bars the imposition of state law liability for activities that are "inconsistent with the treatment of those activities . . . under this section." 15 U.S.C. § 6502(d). As the Panel found, Plaintiffs' state law claims here parallel—and are fully consistent with—COPPA's regulatory provisions. Panel Op. at 13. Plaintiffs have not brought an action to enforce COPPA (COPPA contains no private cause of action), but have brought state law claims based in part on Defendants' unlawful conduct violative of COPPA. 2-ER-219-253.

On December 28, 2022, the Panel rejected Defendants' interpretation of COPPA's preemption provision and held that Plaintiffs' state law claims are not expressly or impliedly preempted by COPPA because COPPA only preempts "*inconsistent* state laws," and Plaintiffs' state law claims "are parallel to, or proscribe the same conduct forbidden by, COPPA" and "are *consistent* with COPPA's substantive requirements." Panel Op. at 6, 13 (emphasis in original).

## ARGUMENT

Defendants argue that the Panel failed to correctly apply Ninth Circuit and Supreme Court preemption precedent, improperly failed to give "exclusive" effect to the FTC's authority to enforce COPPA, and improperly

allowed Plaintiffs to bring a private cause of action under COPPA. Defendants further assert that the Panel Opinion conflicts with the Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016). And finally, Defendants argue that the Panel Opinion would create chaos by allowing states to apply their privacy-related laws to internet operators. Every one of these contentions is unfounded and incorrect.

### A. THE PANEL FAITHFULLY APPLIED NINTH CIRCUIT AND SUPREME COURT PREEMPTION PRECEDENT

As Defendants conceded before the district court and the Panel, Section 6502(d) does not provide for complete field preemption, 3-ER-327-28 and Panel Op. at 10, but rather only preempts "inconsistent" state laws. *See Metrophones*, 423 F.3d at 1072 ("by expressly limiting federal preemption to state requirements that are *inconsistent* with the federal regulations, Congress signaled its intent not to occupy the entire field") (emphasis in original); *Ishikawa*, 343 F.3d at 1133 (same).

The Panel carefully reviewed three clear-cut Ninth Circuit decisions discussing how the statutory term "inconsistent" is to be interpreted in the preemption context and several Supreme Court decisions interpreting analogous language. As the Panel held, this Court has repeatedly found that provisions preempting "inconsistent" state law only bar state law claims that

"conflict" with, or "stand as an obstacle" to achieving, the objectives of the relevant federal law. *Metrophones*, 423 F.3d at 1072-73. The scope of such provisions is "quite narrow" and does not reach "state causes of action that supplement rather than contradict" federal law. *Beffa*. 152 F.3d at 1177; *Ishikawa*, 343 F.3d at 1132 (same).

Defendants argue that the Panel failed to give proper effect to Section 6502(d)'s reference to inconsistency in regard to "the treatment of those activities or actions [regulated] under this section." Defendants contend that this phrase is meant to reference COPPA's provisions (in other sections of the Act) assigning enforcement authority over COPPA to the FTC (and to state attorneys general working with the FTC). Defendants further contend that Congress created an "exclusive" remedial scheme vested in the FTC and intended to bar all state law remedies (and, thus, all state laws).

Defendants' arguments are unsupported and incorrect. While the FTC is specifically authorized to enforce COPPA, neither COPPA's preemption clause, nor anything else in COPPA, precludes the states from providing state law protections based on conduct which—although covered in COPPA— independently supports traditional state law causes of action. In *Lohr*, a case involving the FDA's regulation of medical devices under the MDA and a preemption provision barring state law "which is different from, or in

10

addition to, any requirement applicable under this chapter to the device," *id.*
at 491, the Supreme Court expressly ruled that the MDA's limited
preemption provision did not bar traditional state law damages remedies
based on breach of duties that parallel federal requirements:

> Nothing in the [applicable preemption provision] denies Florida
> the right to provide a traditional damages remedy for violations
> of common law duties when those duties parallel federal
> requirements. The presence of a damages remedy does not
> amount to the additional or different 'requirement' that is
> necessary under the [applicable preemption provision], rather, it
> merely provides another reason for manufacturers to comply
> with identical existing 'requirements' under federal law.

*Id.* at 495.

In *Bates*, a case involving the EPA's regulation of pesticide labeling and
packaging under FIRFA, the Court made clear that a provision in the Act
barring state law labeling or packaging requirements "in addition to or
different from those required under this subchapter," *id.* at 439, did not
preclude a state cause of action that "seeks to enforce a federal requirement:"

> [A] state cause of action that seeks to enforce a federal
> requirement 'does not impose a requirement that is 'different
> from, or in addition to,' requirements under federal law. To be
> sure, the threat of a damages remedy will give manufacturers an
> additional cause to comply, but the requirements imposed on
> them under state and federal law do not differ.

*Id.* at 447-48.

Ninth Circuit case law is in express accord. *See, e.g., Ishikawa*, 343 F.3d at 1132 (upholding damages claim based on non-compliance with federal guidelines: "We cannot see how the duty the state common law imposed, that [defendant] test urine and report the results with due care, could be inconsistent with the federal guidelines, which require the same thing with more specificity"); *Gilstrap*, 709 F.3d at 1010 (upholding personal injury claim based on federal standards of care: "The FAA administrative enforcement scheme . . . does not provide any mechanism for resolving or compensating individual personal injury claims," and state damages liability premised on federal duties would not "increase the burdens facing airlines, as they already must plan for and comply with state tort law for negligence in the operation of airlines").

Indeed, the enforcement powers conferred on the FTC in COPPA are no more "exclusive" of parallel state-based damages claims than the enforcement powers given to the FDA in *Lohr*, 518 U.S. at 476-78 (describing the FDA's rigorous "premarket approval process"); or the EPA in *Bates*, 544 U.S. at 437-38 (describing FIFRA as a "comprehensive regulatory statute"); or the FAA in *Gilstrap*, 709 F.3d at 999-1001 (describing FAA's complex regulation of air carriers with respect to the treatment of handicapped persons). The fact that a federal regulatory statute assigns enforcement

authority to an administrative agency, taken alone, says nothing about whether state law damages claims arising out of conduct that parallels federal statutory standards should be preempted.

And Supreme Court and Ninth Circuit precedent make clear that state law causes of action are not preempted even though the federal law contains no private cause of action. *See Bates*, 544 U.S. at 448 ("although FIFRA does not provide a federal remedy to farmers and others who are injured as a result of a manufacturer's violation of FIFRA's labeling requirements, nothing [in FIFRA's preemption clause] precludes States from providing such a remedy"); *Gilstrap*, 709 F.3d at 1008 ("we do not agree that conflict-preemption analysis turns on whether a statute provides a federal cause of action"); *Ishikawa*, 343 F.3d at 1131-32 (state damages claim not preempted despite federal statute's lack of private right of action).

Indeed, in *Lohr*, the Supreme Court noted the implausibility—and perversity—of the notion that the absence of a private right of action in a federal regulatory statute should be construed as evincing Congress's intent to preempt state law damages remedies:

> Under [defendant's] view of the statute, Congress effectively precluded state courts from affording state consumers any protection from injuries resulting from a defective medical device. [Defendant's] construction would therefore have the perverse effect of granting complete immunity from design defect liability to an entire industry that, in the judgment of

13

> Congress, needed more stringent regulation in order 'to provide for the safety and effectiveness of medical devices intended for human use.' It is 'difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct,' and it would take language much plainer than the text of § 360k to convince us that Congress intended that result.

518 U.S. at 487 (cleaned up). Here, given Congress' express recognition of the need to protect minors from unscrupulous tracking practices on the internet, it is equally "difficult to believe that Congress would, without comment, remove all means of judicial recourse" for vulnerable minors injured by conduct identified as illegal in COPPA.

Moreover, if Congress intended to preempt all state law remedies for violations of the privacy rights on the internet of children under 13, the text of Section 6502(d) limiting preemption to "inconsistent" state laws would make no sense. This Court has repeatedly held that preemption provisions barring "inconsistent" state law reflect Congress's intention to preserve "consistent" state law. *Metrophones*, 423 F.3d at 1072; *Ishikawa*, 343 F.3d at 1133. Under Defendants' interpretation of Section 6502(d), where is the "consistent" law that Congress sought to preserve?

Defendants' interpretation of Section 6502(d) would obliterate all state privacy laws in the relevant field because all such laws provide remedies that, according to Defendants, are barred by the FTC's "exclusive" enforcement

authority. Defendants' argument, thus, would require this Court to interpret COPPA's preemption provision in a way that would render the word "inconsistent" meaningless—contrary to Congress's clear intent and to well-established principles of statutory construction. *See U.S. v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015) ("We must 'interpret [the] statute[ ] as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions . . . meaningless'").

While Defendants do not acknowledge the true scope of their argument, the Panel plainly understood that Defendants were reading the word "inconsistent" out of Section 6502(d) and effectively arguing field preemption, as the following exchanges at the oral argument of the appeal reveal:

> Q: Can you give us an example of an action that would not be preempted by COPPA?

> A: Under our reading, your honor, under our reading what would not be preempted would be a state act—an action by a state attorney general seeking to enforce the requirements of COPPA. ….

> Q: That doesn't really help us, because we already know from the statute that the federal government and the states attorney general can enforce this, so that's not the kind of precision I think that Judge Hawkins is asking.

> A: With all due respect your honor, this is a broad preemption clause. Our position is that the word treatment encompasses again not only the underlying legal requirements but also the method of enforcement—

15

Q: So your client's position is that COPPA preempts anything other than an action by a state attorney general?

A: We're asking the court to give full effect to the meaning of the preemption clause–

Q Would the answer to that be yes?

A: Yes.
....
Q. So can I just go back, before we get to that, and I am interested in the purpose and structure, so the answer to this series of questions is that if it's not brought by the FTC or a state attorney general, an action cannot be brought? Is that the bottom line?

A: That is our interpretation of the preemption clause, your honor, yes.

Q: And even if it's brought by the state attorney, that attorney general cannot bring any state law claims in addition to COPPA claims.

A: Yes, that's our position, your honor ...

Q: So can I ask—I'm sorry to interrupt—but the title of subsection (d) says inconsistent state law, so that would suggest to me that there is a universe where there is a consistent state law that can be brought. But, so, to follow up with Judge Hawkins' point, it sounds like you would not have an example of a state law claim that could be brought either by a private plaintiff or a state attorney general under your reading.
....
Q: So if there's a state constitutional provision on privacy, which you have in California and various other states, the state could not bring a claim based on that in conjunction with COPPA, is that true?
...
A: That's right.

Aug. 31, 2022 Audio of Oral Arg. 21:34-22:50, 24:40-25:42, 26:05-27:14.

Of course, an interpretation of Section 6502(d) that renders the word "inconsistent" meaningless cannot be correct. *See Neal*, 776 F.3d at 652.

### B. THERE IS NO CIRCUIT SPLIT

Defendants contend that the Panel Opinion conflicts with the Third Circuit's decision in *Nickelodeon* and that rehearing is warranted to resolve the conflict. Defendants misread *Nickelodeon*.

In *Nickelodeon*, defendant Viacom argued that the plaintiffs' claim was "inconsistent" with COPPA because plaintiffs were seeking privacy protections for a type of information ("static digital identifiers," such as IP addresses) that, at the time of defendant's allegedly unlawful conduct, was not covered by the FTC's regulations. 827 F.3d at 286-87, 291-92. The Third Circuit indicated that a common law privacy claim based on Viacom's collection of such data would be "inconsistent" with COPPA since the FTC had declined to regulate the collection of that information. *Id.* at 291-92. However, the Third Circuit further concluded that, since Viacom was also alleged to have collected such data under false pretenses, there was a state law basis independent of COPPA—which "says nothing about [the collection of data] using deceitful tactics"—for plaintiffs' claims, and claims based on such deception were, thus, not preempted. *Id.* at 292.

17

Nothing in the Third Circuit's decision comes close to embracing Defendants' assertion that COPPA's "remedial scheme" preempts all state law claims. On the contrary, the Third Circuit explicitly recited the Supreme Court's determination that "even when federal laws have preemptive effect in some contexts, states generally retain their right 'to provide a traditional damages remedy for violations of common-law duties when those duties parallel federal requirements.'" *Id.* at 291-92, quoting *Lohr*, 518 U.S. at 495; *see also id.* at 292 n. 185.

The "inconsistency" at issue in *Nickelodeon* is inapplicable here. In 2013, the FTC amended its regulations to bar the collection of "static [i.e., persistent] identifiers," 827 F.3d at 286-87; and the collection of minors' IP addresses and other personal online information at issue in this case is now clearly barred by COPPA. Plaintiffs' claims, thus, directly "parallel" COPPA's requirements and proscriptions and are not inconsistent with, or preempted by, Section 6502(d).

## C. DEFENDANTS' INTERPRETATION OF SECTION 6502(D) IS CONTRARY TO PUBLIC POLICY, AND THEIR PROFESSED NEED TO PREVENT INTERNET CHAOS IS UNFOUNDED

Defendants' interpretation of Section 6502(d) would effectively immunize website operators and providers of internet programming from any state law liability, even where they have—through systematic breaches of

18

well-established state law privacy rights—unlawfully obtained, and exploited for profit, the personal information of millions of vulnerable young children. And this immunity, nonsensically, would be made available even though such conduct violates clear-cut provisions of COPPA—a statute enacted for the purpose of protecting the online privacy of young children. COPPA would, thus, become, under Defendants' analysis, a device for stripping children of longstanding state law privacy protections.

As the FTC advised this Court in 2014:

> COPPA was enacted in the shadow of state privacy laws—
> including state protections that are particular to minors—that
> had existed for nearly a century. Having thus decided to
> '[legislate] in a field which the States have traditionally occupied,'
> Congress can hardly have intended to displace this vast body of
> state statutory and common law beyond the limited scope of the
> preemption set forth expressly in section 6502(d).

2-ER-106-107.

Finally, Defendants' and the Chamber's protestations of internet chaos if the Panel's Opinion is not reversed are little more than empty and speculative rhetoric. Defendants and the Chamber wholly fail to explain how longstanding state law causes of action consistent with COPPA's regulations will confuse or prejudice internet operators or undermine "the stability of the Internet economy." Chamber Br. at 2. Businesses in every realm are subject to each state's police powers and privacy laws, and Defendants offer no

justifications for why they should be granted exemption. As the Supreme Court stated in *Bates*, "To be sure, the threat of a damages remedy will give manufacturers an additional cause to comply, but the requirements imposed on them under state and federal law do not differ." 544 U.S. at 448.

## CONCLUSION

There is no basis to rehear or rehear *en banc* the Panel's well-reasoned and fully-supported Opinion. Defendants' Petition should be denied.

Date: April 4, 2023

Respectfully submitted,

*/s/ Jonathan K. Levine*

Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
Caroline C. Corbitt (SBN 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com
ccc@pritzkerlevine.com

David S. Golub
Steven L. Bloch
Ian W. Sloss
**SILVER GOLUB & TEITELL LLP**
Four Landmark Square, 3d Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769

20

dgolub@sgtlaw.com
sbloch@sgtlaw.com
isloss@sgtlaw.com

Edward F. Haber
Patrick Vallely
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane, Floor 6
Boston, MA 02210
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
pvallely@shulaw.com

*Attorneys for Appellants Cara Jones et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Certificate of Compliance for Petitions for Rehearing/Responses**

**9th Cir. Case Number(s): 21-16281**

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is (select one):

**Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and contains the following number of words: 4,195.**

*(Petitions and responses must not exceed 4,200 words)*

In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature:** */s/ Jonathan K. Levine*      **Date:** April 4, 2023