No. 21-16281

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CARA JONES, et al.,
*Plaintiffs-Appellants*,

v.

GOOGLE LLC, et al.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California,
No. 5:19-cv-07016 (Hon. Beth Labson Freeman)

## BRIEF FOR AMICUS CURIAE FEDERAL TRADE COMMISSION IN SUPPORT OF NEITHER PARTY

ANISHA S. DASGUPTA
    *General Counsel*

JOEL MARCUS
    *Deputy General Counsel*

Of Counsel:

MARIEL GOETZ
    *Attorney*

SAMUEL LEVINE
    *Director, Bureau of Consumer Protection*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
mgoetz@ftc.gov
(202) 326-2763

FEDERAL TRADE COMMISSION
Washington, D.C. 20580

## TABLE OF CONTENTS

Introduction And Interest Of The Federal Trade Commission..................................1

Background ........................................................................................................3

I.   The Children's Online Privacy Protection Act (COPPA) ..................................3

II.  The FTC's Enforcement Of COPPA ...............................................................5

III. This Case.......................................................................................................7

Argument............................................................................................................9

COPPA EXPRESSLY PREEMPTS ONLY *INCONSISTENT* STATE LAWS .........................10

Conclusion .......................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Bates v. Dow*,
  544 U.S. 431 (2005) ........................................................................... 14, 15

*Beffa v. Bank of the West*,
  152 F.3d 1174 (9th Cir. 1998) ...................................................................14

*English v. Gen. Elec. Co.*,
  496 U.S. 72 (1990) ......................................................................................10

*Ishikawa v. Delta Airlines*,
  343 F.3d 1129 (9th Cir. 2003) ...................................................................14

*Loughrin v. United States*,
  573 U.S. 351 (2014) ....................................................................................12

*Medtronic v. Lohr*,
  518 U.S. 470 (1996) ............................................................. 10, 13, 14, 15

*Metrophones Telecomms., Inc. v. Glob. Crossing Telecomms., Inc.*,
  423 F.3d 1056 (9th Cir. 2005) .......................................................... 14, 15, 16

*Puerto Rico v. Franklin Cal. Tax-Free Tr.*,
  579 U.S. 115 (2016) ....................................................................................15

*Retail Clerks v. Schermerhorn*,
  375 U.S. 96 (1963) ......................................................................................10

*Rice v. Santa Fe Elevator Corp.*,
  331 U.S. 218 (1947) ....................................................................................12

*Whitman v. Am. Trucking Ass'ns*,
  531 U.S. 457 (2001) ....................................................................................15

*Williams v. Taylor*,
  529 U.S. 362 (2000) ....................................................................................12

*Wyeth v. Levine*,
  555 U.S. 555 (2009) ......................................................................................2

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 6501 ................................................................................................1

15 U.S.C. § 6502 ...........................................................................................4, 5

15 U.S.C. § 6504 ...............................................................................................5

15 U.S.C. § 6505 ..................................................................................4

16 C.F.R. Part 312 ...............................................................................4

64 Fed. Reg. 22750 (Apr. 27, 1999) ...................................................4

64 Fed. Reg. 59888 (Nov. 3, 1999).....................................................4

U.S. Const. art. VI, cl. 2 ......................................................................9

## OTHER AUTHORITIES

144 Cong. Rec. S8482 (July 17, 1998) (Statement of Sen. Bryan) ..........................3

144 Cong. Rec. S11657 (Oct. 7, 1998) (Statement of Sen. Bryan) ................... 4, 13

Federal Trade Commission Amicus Br., *Batman v. Facebook, Inc.*,
   No. 13-16819 (9th Cir. 2014)...................................................... 12, 13

Federal Trade Commission, *Privacy Online: A Report to Congress*
   (June 1998) ...................................................................................3

*S. 2326: Children's Online Privacy Protection Act of 1998*,
   Hearing before Senate Subcommittee on Communications,
   S. Hrg. 105-1069 (Sept. 23, 1998) (Statement of Sen. Burns) .............................3

# INTRODUCTION AND INTEREST
## OF THE FEDERAL TRADE COMMISSION

The Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C.

§ 6501, *et seq.*, regulates the collection of information from children over the

internet. COPPA's preemption clause restricts states from imposing liability for

regulated activities – for example, online data collection from children – that is

inconsistent with COPPA's treatment of those activities. This case involves alleged

state-law liability for collecting data from children and tracking their online

behavior. The Court has invited the Federal Trade Commission to address

"whether the [COPPA] preemption clause preempts fully stand-alone state-law

causes of action by private citizens that concern data-collection activities that also

violate COPPA but are not predicated on a claim under COPPA." DE 71.[1]

The Federal Trade Commission ("FTC" or "Commission") is an independent

agency of the United States Government that protects consumer interests by,

among other things, enforcing consumer protection laws and conducting studies of

industry-wide consumer protection issues. The FTC was a driving force behind the

enactment of COPPA and serves as the principal enforcer of COPPA and its

implementing rule, which was promulgated by the Commission. The FTC

---

[1] "DE" refers to appellate docket entries; "Dkt.," to district court docket numbers; "Google," to all defendants collectively; and "children," to those under 13.

1

therefore has a strong interest in the proper construction and application of COPPA, including that statute's preemptive impact. As the Supreme Court has recognized, federal agencies "have a unique understanding of the statutes they administer and an attendant ability to make informed determinations about how state requirements may pose 'an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Wyeth v. Levine*, 555 U.S. 555, 576-77 (2009) (cleaned up).

The Commission agrees with the panel that plaintiffs' claims are not preempted in this case. COPPA's preemption clause preempts only state law claims that are "inconsistent" with the statute's treatment of regulated activities. The panel properly held that plaintiffs' claims here were consistent with COPPA and therefore not displaced.

The Commission disagrees with Google's proffered interpretation of COPPA's preemption clause, under which *all* state law claims involving children's online privacy would be preempted. Nothing in the statute's text, purpose, or legislative history supports such sweeping preemption, which would amount to a finding that Congress intended to occupy the entire field of children's online privacy. No party advances that position, and the Commission disagrees with it. The panel's preemption holding was correct.

# BACKGROUND

## I.    The Children's Online Privacy Protection Act (COPPA)

As the internet became more central to the lives of children and their families, corresponding privacy concerns arose. Congress enacted COPPA in 1998 to better protect children's online privacy. An FTC study provided the basis for the legislative efforts that culminated in COPPA's enactment. *See* Federal Trade Commission, *Privacy Online: A Report to Congress* (June 1998); 144 Cong. Rec. S8482 (July 17, 1998) (Statement of Sen. Bryan). The legislation "drew heavily from the recommendations and findings of the FTC[]." *S. 2326: Children's Online Privacy Protection Act of 1998*, Hearing before Senate Subcommittee on Communications, S. Hrg. 105-1069 (Sept. 23, 1998) at 3 (Statement of Sen. Burns).

In the words of its principal sponsor, COPPA was designed "(1) to enhance parental involvement in a child's online activities in order to protect the privacy of children in the online environment; (2) to enhance parental involvement to help protect the safety of children in online fora such as chatrooms, home pages, and pen-pal services in which children may make public postings of identifying information; (3) to maintain the security of personally identifiable information of children collected online; and (4) to protect children's privacy by limiting the

3

collection of personal information from children without parental consent." 144 Cong. Rec. S11657 (Oct. 7, 1998) (Statement of Sen. Bryan).

To meet those objectives, Congress directed the Commission to promulgate implementing regulations, including detailed regulations governing the collection and use of personal information from children online. 15 U.S.C. § 6502(b)(1), 6502(c). Pursuant to Congress's instructions, the Commission promulgated the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312. *See* 64 Fed. Reg. 22750 (Apr. 27, 1999) (Notice of Proposed Rulemaking); 64 Fed. Reg. 59888 (Nov. 3, 1999) (final rule). COPPA declares it "unlawful for an operator of a website or online service directed to children, or any operator that has actual knowledge that it is collecting personal information from a child, to collect personal information from a child in a manner that violates [those FTC] regulations." 15 U.S.C. § 6502(a)(1).

Congress assigned principal responsibility for COPPA's enforcement to the Commission, authorizing the agency to bring enforcement actions for violations of the COPPA Rule in the same manner as for other Commission rules defining unfair or deceptive acts or practices under the FTC Act. 15 U.S.C. § 6502(c). Several other federal agencies help enforce the statute in specified areas. *Id.* § 6505(b). In addition, COPPA authorizes state attorneys general to enforce compliance with the COPPA Rule by filing actions in federal district courts after serving prior written

notice upon the Commission when feasible. *Id*. § 6504(a). The statute does not include a private right of action.

Congress included an express preemption clause in COPPA. That clause, entitled "Inconsistent State Law," provides:

> No State or local government may impose **any liability** for commercial activities or actions by operators in interstate or foreign commerce in connection with an activity or action described in this chapter **that is inconsistent with the treatment of those activities** or actions under this section.

15 U.S.C. § 6502(d) (emphases added). By singling out "inconsistent" state law, Congress expressed its desire to leave undisturbed state law that is consistent with COPPA.

## II.  The FTC's Enforcement Of COPPA

Since the COPPA Rule took effect in April 2000, the FTC has brought numerous enforcement actions for violations of the rule. Of particular relevance here, in 2019, the FTC and the New York Attorney General charged Google and YouTube with violating the COPPA Rule by collecting personal information from children without first notifying parents and getting their consent. The suit alleged that Google and YouTube earned millions of dollars by using the collected information to deliver targeted ads to viewers of YouTube channels directed at children. The case resulted in a record-setting $170 million settlement and an order requiring the companies to implement various compliance measures. *See* FTC,

5

*Google and YouTube Will Pay Record $170 Million for Alleged Violations of Children's Privacy Law* (Sept. 4, 2019), https://www.ftc.gov/news-events/news/press-releases/2019/09/google-youtube-will-pay-record-170-million-alleged-violations-childrens-privacy-law.

More recently, the FTC charged Epic Games, the maker of the video game Fortnite, with violating the COPPA Rule by collecting personal information from children without parental notice or consent and failing to comply with parental review and deletion requirements. Following a settlement with the FTC, Epic was ordered to pay $275 million for these violations, a new record for COPPA monetary penalties. *See United States v. Epic Games, Inc.*, No. 5:22-cv-00518 (E.D.N.C. 2023). The FTC also has recently brought COPPA enforcement actions against, among others, a weight loss company that marketed an app for use by children and collected children's personal information without parental permission (among other violations); an online advertising platform, for collecting children's personal information without parental consent; and online app developers, for similar violations.[2]

---

[2] *See, e.g.*, *United States v. Kurbo, Inc. and WW International, Inc.*, No. 3:22-cv-00946 (N.D. Cal. 2022); *United States v. OpenX Technologies, Inc.*, No. 2:21-cv-09693 (C.D. Cal. 2021); *United States v. Kuuhuub Inc., et al.*, No. 1:21-cv-01758 (D.D.C. 2021); *United States v. HyperBeard, Inc., et al.*, No. 3:20-cv-03683 (N.D. Cal. 2020) (all consent decrees).

In addition to its enforcement work, in the last five years alone, the FTC has undertaken numerous other initiatives involving COPPA, including launching a regulatory review of the COPPA Rule, releasing a policy statement, conducting studies and workshops, and issuing a report relating to COPPA.[3]

## III. This Case

In the proceedings below, plaintiffs – a group of children – alleged that Google collected data about them and tracked their online activity surreptitiously and without their consent, and that this conduct violates the constitutional, statutory, and common law of several states. Op. 7-8 (DE 59-1). Much of the

---

[3] *See, e.g.*, Request for Public Comment on the Federal Trade Commission's Implementation of the Children's Online Privacy Protection Rule, 84 Fed. Reg. 35842 (July 25, 2019), https://www.federalregister.gov/documents/2019/07/25/2019-15754/request-for-public-comment-on-the-federal-trade-commissions-implementation-of-the-childrens-online; FTC, *Policy Statement of the Federal Trade Commission on Education Technology and the Children's Online Privacy Protection Act* (2022), https://www.ftc.gov/legal-library/browse/policy-statement-federal-trade-commission-education-technology-childrens-online-privacy-protection; FTC, *Federal Trade Commission Report to Congress on COPPA Staffing, Enforcement and Remedies* (2022), https://www.ftc.gov/reports/federal-trade-commission-report-congress-coppa-staffing-enforcement-remedies; FTC Workshop, *The Future of the COPPA Rule* (2019), https://www.ftc.gov/news-events/events/2019/10/future-coppa-rule-ftc-workshop; FTC Workshop, *Student Privacy and Ed Tech* (2017), https://www.ftc.gov/news-events/events/2017/12/student-privacy-ed-tech; FTC, *FTC Issues Orders to Nine Social Media and Video Streaming Services Seeking Data About How They Collect, Use, and Present Information* (2020), https://www.ftc.gov/news-events/news/press-releases/2020/12/ftc-issues-orders-nine-social-media-video-streaming-services-seeking-data-about-how-they-collect-use (initiating a study relating to social media and video streaming companies' practices, including their impact on children and teens).

conduct at issue mirrors Google and YouTube's actions in the FTC's 2019 COPPA enforcement action, but plaintiffs asserted only state law claims and did not purport to assert claims arising directly under COPPA (which as mentioned above does not provide a private right of action). Op. 8. The district court dismissed the complaint in part on the ground that COPPA expressly preempts plaintiffs' claims. Op. 8-9.

On appeal, plaintiffs argued that their state law claims are not preempted because those claims are consistent with COPPA's regulation of Google's activities. *See* DE 8 at 24-50 (Pl. Br.); DE 41 at 2-22 (Pl. Reply). Google asserted that the state law claims are inconsistent with COPPA and thus preempted because the claims were brought by plaintiffs who were not authorized to directly enforce COPPA, and would result in monetary remedies under state law that COPPA did not make available through direct enforcement. *See* DE 22 at 23-38 (Google Br.); DE 63 at 7-15 (Pet'n). Further, Google argued that in its view, *all* state law claims involving children's online privacy – including those brought by state-government enforcers like the California Attorney General – are "inconsistent" with COPPA's framework and therefore barred by COPPA's preemption clause. Aug. 31, 2022 Audio of Oral Arg. 21:34-22:50, 24:40-25:42, 26:05-27:14; *see also* DE 73 at 14-17 (Pl. Opp. to Pet'n) (transcribing argument).

A panel of this Court held that COPPA did not preempt plaintiffs' state law claims either expressly or through application of conflict preemption principles.

8

Op. 9-14. Relying on federal preemption precedent from the Supreme Court and this Court, the panel reasoned that state laws that "supplement" or "require the same thing" as a federal statute, such as state law damages remedies for conduct proscribed by federal law, generally do not "stand as an obstacle" to Congress' objectives and thus are not "inconsistent" with the relevant federal law. Op. 12 (cleaned up).

Google sought rehearing en banc, DE 63, and the Court asked the Commission to provide its views, DE 71. In response to that request, the FTC submits this brief addressing the specific question framed by the Court: "whether the preemption clause [in COPPA] preempts fully stand-alone state-law causes of action by private citizens that concern data-collection activities that also violate COPPA but are not predicated on a claim under COPPA." DE 71. In the Commission's view, the answer to the Court's question is no, for the reasons set forth below.[4] The Commission takes no position on the ultimate merits of the case or any other issue.

## ARGUMENT

The Constitution's Supremacy Clause provides that federal law is "the Supreme Law of the Land," notwithstanding any contrary state law. Art. VI, cl. 2.

---

[4] The filing of this brief was authorized by a unanimous vote of the Commission on May 19, 2023.

A federal statute may displace a state law in three scenarios: (1) where Congress has legislated so extensively as to occupy an entire field, leaving no room for states to supplement federal law; (2) where a federal statute expressly preempts state law, such as through a preemption clause; or (3) where state law actually conflicts with federal law, either because it is impossible to comply with both state and federal requirements or because state law poses an unacceptable obstacle to achieving the purposes and objectives of Congress. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990). "[T]he purpose of Congress is the ultimate touchstone" in every preemption case. *Retail Clerks v. Schermerhorn*, 375 U.S. 96, 103 (1963); *Medtronic v. Lohr*, 518 U.S. 470, 485-86 (1996).

The parties do not contend that Congress has occupied the entire field of children's online privacy. Op. 10. The parties dispute only whether express or conflict preemption principles bar plaintiffs' state law claims. Op. 9-10. The panel concluded that neither form of preemption applies, and on this record, the FTC agrees.

## COPPA EXPRESSLY PREEMPTS ONLY *INCONSISTENT* STATE LAWS

Congress spoke clearly when it enacted COPPA. The FTC was to serve as the lead enforcer of the federal framework, with a special but more limited role carved out for state enforcers. At the same time, state laws that were consistent with COPPA's treatment of covered activities were to remain in place. The panel

correctly determined that state law claims like those here, which are brought as fully stand-alone causes of action under *state* law (such as the tort of intrusion upon seclusion) but involve conduct that also violates COPPA, are generally consistent with COPPA and not preempted.[5] Congress did not intend to wholly foreclose state protection of children's online privacy, and the panel properly rejected an interpretation of COPPA that would achieve that outcome.

1. The principal flaw in Google's position is that it effectively reads the word "inconsistent" out of COPPA's preemption provision. According to Google, plaintiffs' state law claims fall within COPPA's preemption clause because they are brought by private plaintiffs and seek remedies beyond what the federal statute allows in direct COPPA enforcement actions. Google Br. 24-31 (DE 22); Pet'n 7-12 (DE 63). The claims are "inconsistent" with COPPA's "treatment of" Google's activities, the argument goes, because COPPA does not provide a private right of action but instead sets forth a specific enforcement scheme led by the FTC. Allowing private parties to bring state law claims regarding conduct that *also* violates COPPA, Google argues, would be inconsistent with COPPA's "treatment of" that conduct, and therefore preempted. Google Br. 27-31; Pet'n 10-12. As

---

[5] We assume that the state law claims at issue here "proscribe the same conduct forbidden by COPPA," Op. 13, and that the alleged inconsistency relates only to available remedies and who may bring a lawsuit.

Google conceded at argument, Google's proposed reasoning would mean that COPPA preempts *all* state laws protecting children's online privacy. But that interpretation nullifies the "inconsistent" limitation that Congress included in COPPA's preemption clause. And it is a "cardinal principle" of statutory interpretation that courts "must give effect, if possible, to every clause and word of a statute." *Loughrin v. United States*, 573 U.S. 351, 358 (2014), citing *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

The panel properly rejected Google's interpretation, which would have the extreme effect of providing immunity from a wide swath of traditional state law claims that were never discussed in COPPA's legislative history, much less swept aside altogether. As the FTC explained in a 2014 amicus brief filed in this Court:

> COPPA was enacted in the shadow of state privacy laws—including state protections that are particular to minors—that had existed for nearly a century. . . . Having thus decided to "legislate[] . . .in a field which the States have traditionally occupied," *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947), Congress can hardly have intended to displace this vast body of state statutory and common law beyond the limited scope of preemption set forth expressly in section 6502(d).

FTC Amicus Br. at 11-12, *Batman v. Facebook, Inc.*, No. 13-16819 (2014).[6]

Nothing in COPPA shows Congress's intent to preempt all of this state law.

---

[6] Two other amicus briefs in the *Batman* case made similar points. *See* Brief of Amici Curiae Center for Digital Democracy et al., at 8-12 (DE 44-2); Brief of Amicus Curiae Electronic Privacy Information Center, at 3-6 (DE 42-2).

Indeed, the "significant role" COPPA gives to states – authorizing state attorneys general to bring civil actions for violations of the COPPA Rule – shows that Congress viewed "the States as partners in its endeavor 'to protect the privacy of children in the online environment,' 144 Cong. Rec. S11657 (Oct. 7, 1998) (Statement of Sen. Bryan), rather than as potential intruders on an exclusively federal arena." FTC *Batman* Amicus Br. at 12. Here, as in *Batman*, the state law protections at issue "*complement*—rather than obstruct—Congress' 'full purposes and objectives' in enacting the statute." *Id.*

2. The expansive interpretation of the preemption clause urged by Google would have the "perverse effect" of granting immunity "to an entire industry that, in the judgment of Congress, needed more stringent regulation," not less. *Medtronic*, 518 U.S. at 487. Under Google's interpretation, companies would be immune from *any* state law claims that involve children's privacy online – even those arising under longstanding state common law, and even if brought by the state's attorney general rather than private plaintiffs. *See supra* at 8-9. But COPPA's main purpose was to expand the protection of children online; Congress did not intend to sharply restrict that protection by "depriv[ing] States of any role in protecting" children from online privacy harms under the States' own laws. *Id*. at 489. That much is clear from the history of the legislation, which as discussed

13

above contains no indication that Congress was concerned about allowing consistent state laws to coexist with COPPA's federal standards.

Moreover, there is nothing "logically incongruous," Google Br. at 30-31, in Congress's enacting a uniform federal standard while leaving states some room to regulate similar conduct, provided that the state regulation is consistent with the federal law. Time and again, this Court has interpreted express preemption clauses barring "inconsistent" state law claims to allow precisely such parallel regulation. *See, e.g.*, *Metrophones Telecomms., Inc. v. Glob. Crossing Telecomms., Inc.*, 423 F.3d 1056, 1072 (9th Cir. 2005); *Ishikawa v. Delta Airlines*, 343 F.3d 1129, 1132 (9th Cir. 2003), *amended on denial of reh'g*, 350 F.3d 915 (9th Cir. 2003); *Beffa v. Bank of the West*, 152 F.3d 1174, 1177 (9th Cir. 1998); *see also Bates v. Dow*, 544 U.S. 431, 447-54 (2005) (state damages remedies not preempted by clause prohibiting state labeling requirements "in addition to or different from" federal ones); *Medtronic*, 518 U.S. at 495 (common law tort claims not preempted by clause barring state law requirements "different from, or in addition to," federal requirements). The panel's analysis adhered to these precedents.

3. Google is misguided in claiming that the use of the word "treatment" in COPPA's preemption clause categorically bars state law remedies that go beyond COPPA's specific enforcement mechanisms. The panel correctly recognized that if "exercising state-law remedies does not stand as an obstacle to COPPA in purpose

or effect, then those remedies are treatments consistent with COPPA." Op. 12. The Commission agrees.

Had Congress intended to wipe away the entire body of state laws that could be applied to online conduct affecting children's privacy, it would have done so more clearly and not in a single word like "treatment." Congress does not "hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001). As the Supreme Court recently emphasized, when Congress means to alter longstanding background law, the Court "would expect the text [of the statute] to say so." *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 579 U.S. 115, 127 (2016); *see also Bates*, 544 U.S. at 450 ("[I]t seems unlikely that Congress [used] a relatively obscure provision" to give "manufacturers virtual immunity from certain forms of tort liability"). And Congress's "failure even to hint at" that intent – in legislative debates, reports, or hearings – would be "spectacularly odd." *Medtronic*, 518 U.S. at 491.

At bottom, adopting Google's view of COPPA preemption would effectively achieve field preemption: no room would remain for the operation of state law. *See* DE 73 at 15-17 (Pl. Opp. to Pet'n). But "by expressly limiting federal preemption to" state laws "that are *inconsistent* with" COPPA, "Congress signaled its intent not to occupy the entire field." *Metrophones*, 423 F.3d at 1071-75. As in *Metrophones*, the panel here correctly held that categorical preemption of all state

15

law claims could not be squared with a preemption clause barring only claims "inconsistent" with the relevant federal law.

## CONCLUSION

The panel's preemption holding was correct in these circumstances.

Respectfully submitted,

ANISHA S. DASGUPTA
  *General Counsel*

JOEL MARCUS
  *Deputy General Counsel*

May 20, 2023

/s/ Mariel Goetz
MARIEL GOETZ
  *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

Of Counsel:

SAMUEL LEVINE
  *Director, Bureau of*
  *Consumer Protection*

BENJAMIN WISEMAN
MARK EICHORN
PEDER MAGEE
JAMES TRILLING
  *Attorneys*

FEDERAL TRADE COMMISSION
Washington, D.C. 20580

16

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** ___21-16281_____

I am the attorney or self-represented party.

**This brief contains** ___3,415_____ **words,** including ___0_____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[  ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[X] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [  ] it is a joint brief submitted by separately represented parties.
    [  ] a party or parties are filing a single brief in response to multiple briefs.
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _____s/ Mariel Goetz_____ **Date** _May 20, 2023_____

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**      *Rev. 12/01/22*